IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **VINCENT D. BUTTERS**, | Case No. 3:22-cv-726-SB |
| Plaintiff, | ORDER |
| v. | |
| **TRAVELERS INDEMNITY COMPANY**, | |
| Defendant. | |

**Michael H. Simon, District Judge.**

Vincent D. Butters (Butters), representing himself, has sued Travelers Indemnity Company (Travelers). On December 22, 2023, U.S. Magistrate Judge Stacie F. Beckerman issued Findings and Recommendation (F&R), recommending that the Court deny Butters' Motion for Judgment on the Pleadings/Motion to Strike.

Under the Federal Magistrates Act (Act), the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party objects to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

PAGE 1 – ORDER

If no party objects, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review de novo magistrate judge's findings and recommendations if objection is made, "but not otherwise").

Although review is not required in the absence of objections, the Act "does not preclude further review by the district judge[] sua sponte . . . under a de novo or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Rule 72(b) of the Federal Rules of Civil Procedure recommend that "[w]hen no timely objection is filed," the court review the magistrate judge's findings and recommendations for "clear error on the face of the record."

Butters filed a limited objection to the F&R. First, Butters objects to one discussion point in the F&R: that Butters' negligence *per se* claim "turns largely" on his allegations regarding his purported physical impact from Travelers' alleged conduct. According to Butters, after the Oregon Supreme Court's decision in *Moody v. Oregon Community Credit Union*, 371 Or. 772 (2023), which was issued after the F&R was issued, he is no longer required to demonstrate a physical impact. Second, Butters objects on the ground that Travelers failed to disclose a medical expert or damages expert. For the reasons stated below, the Court finds that nothing in Butters' objection undermines Judge Beckerman's analysis or conclusion.

Butters overstates the implications of the Oregon Supreme Court's decision in *Moody*. The Oregon Supreme Court did not, as Butters suggests, "eliminate" the need for any plaintiff alleging negligence *per se* to satisfy Oregon's physical impact rule. Rather, the Oregon Supreme Court recognized a new narrow application of an exception to the physical impact requirement

for a plaintiff who brought a negligence *per se* claim for emotional distress damages. The Oregon Supreme Court found that the exception applied, but the court's analysis and holding were tied to the specific facts of that case. *See* 371 Or. at 805-06.[1] It is an open question whether that exception would similarly apply here, such that Butters could seek emotional distress damages. The issues relevant to that question will require resolution at a later stage in the proceedings, and after briefing on the potential application of *Moody*. Those unresolved issues are one reason why judgment on the pleadings is precluded even after *Moody*. A second reason is that if that exception does *not* apply (which it may well not), Butters may need to demonstrate a physical impact to recover emotional distress damages.

If the physical impact requirement applies, it applies only with respect to Butters' claim for emotional distress damages. In *Butters v. Travelers Indemnity Co.*, 2023 WL 3559472, at *3 (D. Or. May 18, 2023), this Court explained that emotional distress damages generally are not available for a negligence *per se* claim absent an alleged physical impact, unless a claim falls with Oregon's three recognized exceptions—not that the *claim* as a whole would be barred in the absence of a physical impact. *Id.* at *2-3. Butters seeks $430,000 in noneconomic damages, including for emotional distress. *See* SAC ¶ 3.11. Despite Butters' arguments to the contrary, he may well be required to demonstrate physical impact to recover those damages, such that his

---

[1] The court in *Moody* explained its "reluctan[ce] to permit recovery of emotional distress damages in the absence of physical injury or property damage and the need for a limiting principle." 371 Or. at 805. The court concluded that the exceptional facts of that case, which involved the surviving spouse of a deceased breadwinner who sued her husband's life insurer for "fail[ing] to reasonably investigate and promptly pay her claim for insurance benefits," supplied that "limiting principle." *Id.*; *see also id.* at 806 ("Few contracting parties promise to provide necessary financial resources on the death of a spouse knowing that their obligation to act reasonably in doing so is required by statute."). The court limited its holding, emphasizing the unique facts of the case and stating: "We caution that our conclusion here does not make . . . every statutory violation the basis for a common-law negligence claim for emotional distress damages. Far from it." *Id.* at 805-06.

PAGE 3 – ORDER

claim may indeed "turn largely" on his allegations of physical impact. Travelers' allegations therefore remain relevant and preclude judgment on the pleadings.

Additionally, as Judge Beckerman explained (and Butters does not dispute), Travelers is entitled to allege new facts and affirmative defenses in response to Butters' complaint, thereby raising factual and legal issues that preclude judgment on the pleadings. Travelers has done so with respect to Butters' negligence *per se* claim. Judge Beckerman provided—as *one* example—Travelers' allegations in its Ninth Affirmative Defense denying that Butters suffered a physical impact. But Judge Beckerman concluded that Travelers' answer *also* denied almost all of the allegations within Butters' Second Cause of Action (for negligence *per se*), and Butters does not object to Judge Beckerman's conclusion that such denials raise material factual disputes that preclude judgment on the pleadings. Additional allegations made by Travelers and relevant to the negligence *per se* claim similarly preclude judgment on the pleadings, such as Travelers' allegations in its Fifth Affirmative Defense that Butters refused to provide information to claims adjusters, thereby impairing Travelers' ability to conduct its investigation. In short, nothing in *Moody* undermines Judge Beckerman's analysis and conclusion that Travelers' answer raises genuine issues of material fact that preclude judgment on the pleadings.

Butters next objects that Travelers did not provide a medical expert witness. That is not a relevant consideration in a motion for judgment on the pleadings. In such a motion, the Court only considers the pleadings and not extrinsic materials or evidentiary considerations such as expert evidence. *See* Fed. R. Civ. P. 12(c), (d).

For the remainder of the F&R, no party having made objections, this Court follows the recommendation of the Advisory Committee and reviews Judge Beckerman's F&R for clear

PAGE 4 – ORDER

error on the face of the record. No such error is apparent. Accordingly, the Court adopts those portions of the F&R.

The Court ADOPTS Judge Beckerman's Findings and Recommendation (ECF 78). The Court DENIES Plaintiff's Motion for Judgment on the Pleadings/Motion to Strike (ECF 57).

**IT IS SO ORDERED.**

DATED this 28th day of March, 2024.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

PAGE 5 – ORDER