IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **VINCENT D. BUTTERS**, <br><br> Plaintiff, <br><br> v. <br><br> **TRAVELERS INDEMNITY COMPANY**, <br><br> Defendant. | Case No. 3:22-cv-726-SB <br><br> **ORDER** |

**Michael H. Simon, District Judge.**

United States Magistrate Judge Stacie F. Beckerman issued Findings and Recommendation in this case on April 22, 2024. Judge Beckerman recommended that this Court grant Defendant's motion for summary judgment on Plaintiff's remaining claims for fraudulent misrepresentation and negligence *per se*.

**STANDARD OF REVIEW**

Under the Federal Magistrates Act (Act), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party objects to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

PAGE 1 – ORDER

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Federal Rule of Civil Procedure 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

## DISCUSSION

Plaintiff timely filed an objection, to which Defendant responded. Plaintiff objects to the portion of Judge Beckerman's recommendation finding that this Court should grant Defendant's motion for summary judgment with respect to Plaintiff's negligence *per se* claim. Plaintiff did not object to the recommendation finding that this Court should grant Defendant's motion for summary judgment with respect to Plaintiff's fraudulent misrepresentation claim. Plaintiff also made objections not tied to either claim.

### A.  Negligence *per se*

Plaintiff argues that the Court should not adopt Judge Beckerman's recommendation to grant summary judgment on the negligence *per se* claim for two reasons. First, Plaintiff contends that there is a genuine dispute of fact as to whether he satisfied the physical impact rule. In part, Plaintiff argues that his medical records should not have been considered because Defendant did not authenticate them. But in the Declaration of David J. Ryan submitted with the motion for

summary judgment, ECF 72, Defendant's attorney declared under penalty of perjury that the medical records were a "true and correct" copy of the discharge summary produced to Defendant from Plaintiff in response to a document request for Plaintiff's medical records from his treatment at Oregon Health and Science University. This statement is sufficient to authenticate the medical records at this stage of litigation. Further, at summary judgment, the Court does "not focus on the admissibility of the evidence's form. [The Court] instead focus[es] on the admissibility of its contents." *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003). Plaintiff does not argue that his medical records could not be admissible *at trial*. *See JL Beverage Co., LLC v. Jim Beam Brands Co.*, 828 F.3d 1098, 1110 (9th Cir. 2016) (stating that a district court may consider evidence submitted in an admissible form at summary judgment if it "could be provided in an admissible form at trial," when reviewing hearsay evidence); Fed. R. Civ. P. 56(c)(2) (permitting a party to "object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence").

Additionally, if Plaintiff's medical records should not have been considered, Plaintiff then presented no evidence that he satisfies the physical impact rule. Judge Beckerman's recommendation noted that the medical records were "the only evidence before the Court addressing a potentially tangible physical injury that Plaintiff suffered." Thus, even viewing the evidence in the light most favorable to Plaintiff, a rational factfinder could not find that Plaintiff satisfies the physical impact rule. The Court agrees with and adopts this portion of Judge Beckerman's recommendation.

Second, Plaintiff insists that the negligence *per se* claim should proceed because Defendant did not argue that it did not violate the relevant statute. Defendant, however, argued that it acted reasonably, as required by the statute. Judge Beckerman's recommendation also analyzed the allegations and statute and concluded that Defendant complied with the statute and

was not negligent *per se*. The Court agrees with and adopts Judge Beckerman's recommendation on this issue.

## B. Other Objections

Plaintiff objects to Judge Beckerman's recommendation as "based on perjured information," identifying four allegedly perjured statements by Defendant. Judge Beckerman's recommendation reviewed the entire record and did not rely on any of these allegedly perjured statements in reaching its conclusions, and thus the Court overrules these objections. The Court also has considered Plaintiff's remaining objections and after de novo review, overrules them and adopts the analysis of Judge Beckerman.

## C. Fraudulent Misrepresentation

Plaintiff did not object to the portion of Judge Beckerman's Findings and Recommendation recommending that the Court grant summary judgment on Plaintiff's fraudulent misrepresentation claim. The Court follows the recommendation of the Advisory Committee and reviews this portion of Judge Beckerman's Findings and Recommendation for clear error on the face of the record. No such error is apparent. Accordingly, the Court adopts this portion of the Findings and Recommendation.

## CONCLUSION

The Court ADOPTS the Findings and Recommendation. ECF 88. The Court GRANTS Defendant's motion for summary judgment. ECF 69.

**IT IS SO ORDERED.**

DATED this 23rd day of August, 2024.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge